**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**FILED - GR**
March 15, 2011 3:41 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __aid__/ ____ SCANNED BY /_____

| | | |
|---|---|---|
| Floyd Patterson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **1:11-cv-254** |
| | ) | |
| Afni, Inc., | ) | **Janet T. Neff** |
| | ) | **U.S. District Judge** |
| Defendant. | ) | |
| | ) | |

**I.   Introduction**

1.   This is an action for damages, brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan

Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place

here.

**III.   Parties**

3.   Plaintiff Floyd Patterson is a natural person residing in Kent County, Michigan.

Mr. Patterson is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

Mr. Patterson is a "consumer," "debtor" and "person" as the terms are defined and/or used in the

MOC.

1

4.     Defendant Afni, Inc. ("Afni") is an Illinois corporation, with a mailing address of 404 Brock Drive, P.O. Box 3427, Bloomington, Illinois 61702-3427. The registered agent for Afni in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Afni uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Afni regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Afni is a "debt collector" as the term is defined and used in the FDCPA. Afni is licensed (No. 2401001721) by the State of Michigan to collect consumer debts in Michigan. Afni is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

**IV.     Facts**

5.     Approximately six years ago, Mr. Patterson had a credit account with MCI which he used to obtain used to obtain telephone goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6.     Mr. Patterson had a disagreement with MCI regarding his account. Mr. Patterson refused to pay the alleged debt.

7.     Mr. Patterson has refused to make any payment on the account for the past six years.

8.     Mr. Patterson continues to dispute the alleged debt.

9.     Mr. Patterson continues to refuse to pay the alleged debt.

10.     Afni is the business of purchasing consumer debts, typically paying less than ten cents on the dollar, and then attempting to collect the alleged debts, intending to make a profit.

2

11.     Many of the debts purchased by Afni are too small to justify filing a lawsuit to collect the debt. Accordingly, Afni regularly reports the small debts to the consumer reporting agencies, using credit reporting as a collection tool by harming the consumer's credit and prompt payment of the debt.

12.     Credit reporting constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); *Ditty v. CheckRite, Ltd.,* 973 F.Supp. 1320, 1331 (D.Utah 1997).

13.     In 2010, Afni wrote Mr. Patterson, stating that Afni had purchased Mr. Patterson's old MCI account and related, alleged debt. The letter referred to the account as Afni Account No. 028340197-02. The letter stated that Mr. Patterson owed a current balance of $138.55, but that Afni would settle the account for a payment of $25.00. The letter invited Mr. Patterson to telephone Afni's toll free number to discuss the matter.

14.     In March 2011, Mr. Patterson spoke by telephone with an Afni employee who identified himself as Lawrence. In the ensuing conversation, the Afni employee made the following representations:

a)     Afni had purchased Mr. Patterson's MCI account.

b)     The debt in the amount of $138.55 definitely was being reported on Mr. Patterson's credit.

c)     Mr. Patterson should check his credit report to verify that he owes the debt.

d)     Mr. Patterson had not made any payment on the account since before July 2005.

3

e)   In order to have the debt removed from his credit, Mr. Patterson needed to pay the debt and the account then would be updated on his credit as having been paid.

f)   The debt was not going to get off Mr. Patterson's credit until he pays it.

g)   The debt was going to remain on Mr. Patterson's credit for several more years if Mr. Patterson did not pay Afni.

h)   To dispute the debt, Mr. Patterson was required to show proof that he does not owe the debt.

i)   Mr. Patterson had two choices, pay Afni, or have the account stay in collections and remain on his credit report.

j)   Afni was going to mail Mr. Patterson a validation of debt and at that time Mr. Patterson's dispute of the debt would be invalid.

k)   Mr. Patterson was required to provide Afni with proof that he paid the debt or else he would not have a dispute.

l)   To dispute a debt, Mr. Patterson was required to provide Afni with proof that he did not owe the debt.

m)   The legal process requires that once Afni provides Mr. Patterson with validation of the debt, Mr. Patterson is required to provide Afni with proof that Mr. Patterson does not owe the debt.

15.   The Fair Credit Reporting Act,15 U.S.C. § 1681 *et seq.,* states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the

4

expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1). Moreover, the Fair Credit Reporting Act states that inquiries may remain on a consumer report for only two years after the date of the inquiry.

16. The Afni employee in his telephone conversation with Mr. Patterson falsely represented to Mr. Patterson the length of time for which derogatory information regarding the account and related debt could remain on Mr. Patterson's consumer report.

17. Afni violated the FDCPA when the Afni employee falsely stated to Mr. Patterson the length of time for which derogatory information regarding the debt would continue to be reported on Mr. Patterson's consumer report. *Shields v. Merchants & Medical Credit Corporation, Inc.,* 2010 WL 2613086 (E.D. Mich., June 28, 2010).

18. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.,* 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.,* 160

F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

19.     The Afni employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA and Michigan law.

20.     The Afni employee made false statements regarding Mr. Patterson's rights to dispute the debt.

21.     The PRA employee falsely stated that for Mr. Patterson to dispute the debt, Mr. Patterson was required to have a valid reason for his dispute.

22.     The Afni employee intended to speak the words he spoke to Mr. Patterson.

21.     The acts and omissions of Afni and its employee done in connection with efforts to collect a debt from Mr. Patterson were done intentionally and wilfully.

22.     Afni and its employee intentionally and wilfully violated the FDCPA and MOC.

23.     As an actual and proximate result of the acts and omissions of Afni and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.      Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

24.     Plaintiff incorporates the foregoing paragraphs by reference.

25.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)      Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural

6

consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

b)   Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

c)   Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

d)   Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)   Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

26.   Plaintiff incorporates the foregoing paragraphs by reference.

27.   Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)   Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)   Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

7

c)      Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive and abusive method to collect a debt;

d)      Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

e)      Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)      Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: March 15, 2011

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

8